Mark Cantor (admitted *pro hac vice*)
mcantor@brookskushman.com
Marc Lorelli (admitted *pro hac vice*)
mlorelli@brookskushman.com
**Brooks Kushman P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel: (248) 358-4400 – Fax: (248) 358-3351

Gary R. Goodheart
Nevada Bar # 1203
grg@jonesvargas.com
**Jones Vargas**
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV  89169
Tel: (702) 862-3300 – Fax: (702) 737-7705

*Attorneys for Defendant Corea Autoparts
Producing Corporation d/b/a CAP America*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BOSCH LLC, <br><br> Plaintiff, <br><br> v. <br><br> COREA AUTOPARTS PRODUCING CORPORATION d/b/a CAP AMERICA, <br><br> Defendant. | Case No. 2:10-cv-01924-RLH-RJJ <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANT'S MOTION TO TRANSFER** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION ................................................................................................. 1

II. LEGAL STANDARD ............................................................................................ 2

III. ARGUMENT ......................................................................................................... 3

    A. The Present Action Could Have Been Brought In The Eastern District Of Michigan ................................................................................................. 3

    B. The Convenience Of The Parties Strongly Favors Transfer ................................. 3

    C. Location Of The Alleged Harm Occurs In The Eastern District of Michigan ................................................................................................. 3

    D. BOSCH's Choice Of Forum Is Insufficient Where There Are Not Sufficient Ties To The Forum ................................................................. 4

    E. The Parties Do Not Have Sufficient Contacts With Nevada ................................ 5

    F. The Cost Of Litigating This Suit In Nevada Strongly Favors Transfer .................. 6

    G. The Convenience Of The Witnesses Favors Transfer ............................................ 6

    H. The Ability To Compel Unwilling Non-Party Witnesses Favors Transfer ............ 7

    I. The Ease Of Access To the Relevant Evidence Favors Transfer ........................... 9

    J. The Interests Of Justice Favor Transfer ................................................................. 9

    K. The Pendency Of Related Litigation .................................................................... 10

IV. CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*American Dredging Co. v. Miller*,
    510 U.S. 443 (1994) .................................................................................................. 8

*Brennan v. Mr. Hanger, Inc.*,
    479 F.Supp. 1215 (S.D.N.Y. 1979) ........................................................................... 4

*Codex Corp. v. Milgo Electronic Corp.*,
    553 F.2d 735 (1st Cir. 1977) .................................................................................. 10

*Commercial Solvents Corp. v. Liberty Mut. Ins. Co.*,
    371 F. Supp. 247 (S.D.N.Y. 1974) ............................................................................ 8

*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*,
    472 F. Supp. 2d 1183 (S.D. Cal. 2007) ..................................................................... 8

*Endrezze v.* Dorr *Co.*,
    97 F.2d 46 (9th Cir. 1938) ......................................................................................... 4

*Fluid Mgmt. Ltd. v. H.E.R.O. Indus., Ltd.*,
    1997 WL 112839, *6 (N.D. Ill. Mar. 11, 1997) ......................................................... 6

*Gulf Oil Corp. v. Gilbert*,
    330 US 501 (1947) ................................................................................................ 8, 9

*Hatch v. Reliance Ins. Co.*,
    758 F. 2d 409 (9th Cir. 1985) .................................................................................... 3

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) ......................................................................... 2, 7, 9

*In re Hoffman-La Roche, Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009) .................................................................................. 2

*In re Microsoft*,
    630 F.3d 1361 (Fed. Cir. 2011) .................................................................................. 2

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009) ............................................................................. 2, 9

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ......................................................................... 2, 6, 9

*In re Zimmer Holdings Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010) .................................................................................. 2

*Intermedics, Inc. v. Ventritex, Inc.*,
    775 F. Supp. 1269 (N.D. Cal. 1991) ................................................................................ 4

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ............................................................................... 2, 3, 9

*Lucarelli v. DVA Rental Healthcare, Inc.*,
    2008 WL 182246 (D. Nev. Jan. 16, 2008) ............................................................ 2, 3, 9

*Med. Solutions, Inc. v. C Change Surgical LLC*,
    541 F.3d 1136 (Fed. Cir. 2008) ......................................................................................... 4

*Miracle Blade, LLC v. Ebrands Commerce Group, LLC*,
    207 F.Supp.2d 1136 (D. Nev. 2002) ............................................................................ 2, 5

*Princess House, Inc. v. Lindsey*,
    136 F.R.D. 16 (D. Mass. 1991) ..................................................................................... 10

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ........................................................................................................ 3

**Statutes**

28 U.S.C. §1404(a) ............................................................................................. 1, 2, 3, 4, 6, 10, 11

35 U.S.C. § 271 .................................................................................................................... 4

**Other Authorities**

*15 C. Wright & A. Miller, Federal Practice and Procedure 3rd,* § 3854 (2010) ......................... 10

# I.  INTRODUCTION

This patent infringement case involving automotive windshield wipers.  Plaintiff Robert Bosch LLC ("BOSCH") and the Defendant Corea Autoparts Producing Corporation (d/b/a "CAP America") are **<u>both based in the Eastern District of Michigan</u>**.  The relevant parties, witnesses and information related to this lawsuit reside in the Eastern District of Michigan, the center of the automotive industry in the United States.

The "core" of BOSCH's North American automotive operations is its Michigan headquarters located at 38000 Hills Tech Drive in Farmington Hills Michigan.  From this Michigan headquarters, Bosch employs thousands in the automobile industry.

CAP America has its principal place of business at 34405 West 12 Mile Road in Farmington Hills Michigan.  This is the sole location of CAP America related to the windshield wiper business in the United States.

***The ties to the Eastern District of Michigan for both parties and the subject matter of this lawsuit are substantial and undeniable.***  In contrast, there is no link for the lawsuit between BOSCH and CAP America with the chosen forum.  Proceeding with the present lawsuit in the Eastern District of Michigan furthers the interest of justice, both to the private parties and to the public.  28 U.S.C. §1404(a).

## II. LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

To evaluate a motion to transfer, the Court must first determine whether the Plaintiff could have brought the present action in the alternate venue. *Miracle Blade, LLC v. Ebrands Commerce Group, LLC,* 207 F.Supp.2d 1136, 1155 (D. Nev. 2002). Next, it must be determined whether transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *Id*. Several factors are evaluated to assess whether transfer is appropriate. *Id.*; *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-499 (9th Cir. 2000); *see also, Lucarelli v. DVA Rental Healthcare, Inc.*, 2:07-cv-1217, 2008 WL 182246, *4 (D. Nev. Jan. 16, 2008).

While Ninth Circuit law is applied to a transfer motion, the Federal Circuit maintains appellate jurisdiction over all patent infringement lawsuits. Recently, the Federal Circuit decided several cases on Petitions for Writ of Mandamus involving transfer motions. The Federal Circuit has repeatedly made clear "that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *see also*, *In re Microsoft,* 630 F.3d 1361 (Fed. Cir. 2011); *In re Zimmer Holdings Inc.*, 609 F.3d 1378 (Fed. Cir. 2010); *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333 (Fed. Cir. 2009).

## III. ARGUMENT

The Court should transfer this action to the Eastern District of Michigan pursuant to 28 U.S.C. §1404(a) which provides that "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) is designed to prevent the wasting of time, energy, and money and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).

### A. The Present Action Could Have Been Brought In The Eastern District Of Michigan

"In determining whether an action 'might have been brought' in a district, the court looks to whether the action initially could have been commenced in that district." *Hatch v. Reliance Ins. Co.,* 758 F. 2d 409, 414 (9th Cir. 1985). Here, BOSCH could have (and should have) brought the present action in the Eastern District of Michigan – where CAP America is based in the United States.

### B. The Convenience Of The Parties Strongly Favors Transfer

In considering the convenience of the parties and witnesses, this district evaluates several factors including: (1) the location where the alleged harm occurred; (2) the plaintiff's choice of forum; (3) the respective parties' contacts with the forum; (4) the differences in the costs of litigation in the two forums; (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (7) the ease of access to the evidence. *Jones,* 211 F.3d at 498-499 (9th Cir. 2000); *see also, Lucarelli*, 2008 WL 182246, *4. None of these factors favor maintaining this lawsuit in Nevada, but instead favor transferring this case to the Eastern District of Michigan.

### C. Location Of The Alleged Harm Occurs In The Eastern District Of Michigan

CAP America does not manufacture or sell the allegedly infringing wiper blades in Nevada. While some accused products may be found in Nevada (and every other State), CAP

America's operations in the United States are based in its Farmington Hills, Michigan offices. Any allegation of harm stems from the Eastern District of Michigan, the home of both BOSCH and CAP America.

The only connection to this district is an annual 2-day trade show held in Las Vegas, Nevada called the "Automotive Aftermarket Products Expo" ("AAPEX"). CAP America's presence at this trade show is simply to display its products to conference attendees – it does not make, use or sell products there. In order to "constitute infringement within the district, … 'there must be proof either of a manufacture, a use, or a sale within the district'" by CAP America. *Endrezze v. Dorr Co.*, 97 F.2d 46, 48 (9th Cir. 1938) (citing *Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co.*, 116 F. 641, 641 (C.D.N.Y. 1902)). Therefore, CAP America's presence at the AAPEX show does not constitute infringement in this district. *Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1269, 1286 (N.D. Cal. 1991) (Holding that "mere demonstration or display of an accused product, even in an obviously commercial atmosphere, does not constitute an infringing use under § 271(a)"); *Brennan v. Mr. Hanger, Inc.*, 479 F.Supp. 1215, 1231 (S.D.N.Y.1979) (Holding that the display of the alleged infringing product did not constitute an infringing "use"); *Med. Solutions, Inc. v. C Change Surgical LLC*, 468 F. Supp. 2d 130, 135 (D.D.C. 2006) aff'd, 541 F.3d 1136 (Fed. Cir. 2008) (Holding that demonstration at annual trade show was not offer to sell because "the price for [the] allegedly infringing product was not made available to attendees [of the show.]").

Notably, BOSCH has not alleged a single fact anywhere in its Complaint that CAP America infringed any of the Patents-in-Suit within this district. (Dkt. #1.) Simply, there is no connection between this lawsuit and the District of Nevada and this case should be transferred pursuant to §1404(a).

### D.   BOSCH's Choice Of Forum Is Insufficient Where There Are Not Sufficient Ties To The Forum

As this Court has held: "A plaintiff's choice of forum is normally only given deference if the plaintiff is a resident of the district in which the action is brought. Otherwise, this bears little

significance on determining whether to grant a discretionary transfer." *Miracle Blade*, 207 F.Supp.2d at 1156 (citations omitted.)

Here, BOSCH is not a resident of Nevada – but is a Delaware company whose automotive headquarters is located in the Eastern District of Michigan, and has other "key locations" in Illinois and Indiana. (Dkt. #1; Decl. of Rondini, ¶ 2; Ex. 1, pp. 6, 26.) While BOSCH does maintain a warehouse and distribution center in Nevada, this facility pertains solely to its "Power Tools" division, and is in no way affiliated with the division responsible for the windshield wiper technology relevant to this suit. (Decl. ¶ 3; Ex. 2.)

BOSCH's "corporate operations" which are relevant to the windshield wiper technology of this suit is located at its Michigan headquarters. *See e.g., Tosco Corpo.*, 236 F.3d at 500. Bosch readily states that its **Michigan facility is the "core of [its] Automotive Technology business sector"** and all executive and administrative functions pertaining to BOSCH's windshield wiper technology are most likely performed there. (*Id*., ¶ 2; Ex. 1, p. 1.) Accordingly, BOSCH does not maintain "sufficient ties" in Nevada and this factor favors transfer to the Eastern District of Michigan.

E. **The Parties Do Not Have Sufficient Contacts With Nevada**

As set forth above, BOSCH has its North American automotive headquarters is located in the Eastern District of Michigan. This Michigan facility is "[t]he core of [BOSCH's] Automotive Technology business sector." and other "key locations" are closely situated in Illinois and Indiana. BOSCH does not operate a single facility in this district that is associated with its automotive technology.

Similarly, CAP America's operations in the United States are based in the Eastern District of Michigan. CAP America does not operate any facilities, nor does it have any employees, in the District of Nevada. As outlined above, CAP America also does not make, use or sell any of the accused products in the District of Nevada.

Defendant's only ties with the present forum is its attendance at the AAPEX trade show. However, these demonstrations do not provide such minimum contacts that CAP America could

reasonably be expected to be hauled into court within Nevada. *Fluid Mgmt. Ltd. v. H.E.R.O. Indus., Ltd.*, 1997 WL 112839, *6 (N.D. Ill. Mar. 11, 1997) (Holding that display of accused products at trade show does not form the basis for personal jurisdiction).

Simply put, each party's witnesses and information that are related to this lawsuit in the United States reside and are located in (or near) the Eastern District of Michigan. With its North American automotive headquarters located in Michigan, the Eastern District of Michigan is the home forum for BOSCH and is a much more convenient forum for both parties.

Accordingly, this factor favors transfer to the Eastern District of Michigan.

### F. The Cost Of Litigating This Suit In Nevada Strongly Favors Transfer

With all the relevant evidence and witnesses located in or near Michigan and no relevant evidence or witnesses located in Nevada, it would be an unnecessary expense on both parties to litigate this suit in Nevada. Accordingly, this factor favors transfer to the Eastern District of Michigan.

### G. The Convenience Of The Witnesses Favors Transfer

In *TS Tech*, the court emphasized that the cost of attendance of witnesses should weigh in favor of transfer in a case where no identified witnesses reside in the chosen venue. *TS Tech*, 551 F.3d at 1320-21. Moreover, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id*. at 1321.

It is expected that many of the witnesses for BOSCH which are relevant to its windshield wiper technology would be located at its "core" North American automotive headquarters located in Farmington Hills, Michigan. (Decl. ¶ 2; Ex. 1, pp. 1, 8.) BOSCH does not maintain an automotive division or facility in Nevada and therefore would have no witnesses residing in this district. (*Id*. at ¶¶ 2-3; Ex. 1, p. 8; Ex. 2.)

Other potential witnesses for BOSCH include the inventors and the attorneys that prosecuted the patents. Here, the named inventors reside in either Belgium or Germany. (Dkt. #1, Exhibits A-G.) The prosecuting attorney's for the asserted patents includes the law firm of

Brief in Support of Motion to Transfer                                       6

Striker, Striker and Stenby with an office located in Huntington, NY and the law firm of Michael Best & Friedrich with offices located in Wisconsin and Illinois. (Decl. ¶¶ 4-5; Ex. 3-4.) These witnesses (and any relevant evidence they may possess) are located far closer to Michigan than Nevada.

CAP America's witnesses would be located at its Farmington Hills, Michigan facility. CAP America has no potential witnesses located in Nevada.

As the parties, and their witnesses, are based primarily in (or near) Michigan the District of Nevada – which is nearly 2,000 miles away – is not a convenient forum for either party. The convenience of the party witnesses therefore favors transfer. *In re Genetech*, 566 F.3d at 1345 (When the parties are located near the requested transfer forum, the "convenience factor favor[s] transfer, and not only slightly.")

**H.  The Ability To Compel Unwilling Non-Party Witnesses Favors Transfer**

In addition to those witnesses associated with the parties, there are typically non-party witnesses in patent cases involving the prior art and the marketplace for such products. Thus, third-party witnesses are critical in patent cases with regards to issues of invalidity and damages. While it is too early in this litigation to determine the full extent of unwilling relevant witnesses, most if not all would most likely live close to Detroit, Michigan – the automotive capital of the United States. Not only are both parties headquartered in the Eastern District of Michigan, but many of the key competitors in the wiper blade industry – including Valeo, Federal Mogul and Trico[1] – are headquartered in the Eastern District of Michigan. Key prior art and witnesses would most likely be located at each of these competitors Michigan headquarters. (Decl. ¶¶ 6-8; Ex. 5-7.)

---

[1] Valeo is a French company with its North American headquarters located in Auburn Hills, MI. (Decl. ¶ 6; Ex. 5.) Federal Mogul is an American corporation with its corporate headquarters in Southfield, MI. (*Id*. at ¶ 7; Ex. 6.) Trico is an American corporation with its headquarters in Rochester Hills, MI. (*Id*. at ¶ 8; Ex. 7.)

Access to these companies in this case is critical.  As indicated from the public record, **Trico has already asserted that BOSCH improperly derived at least two of the patents asserted against CAP America from its personnel**. (Decl. at ¶ 10; Ex. 9 at 4-5.)  Trico is based in the Eastern District of Michigan.  Trico is also the owner of key wiper blade prior art that was presented to the Patent Office to reject various claims of the patents-in-suit.  (*Id*. at ¶¶ 11-12; Ex. 10 at 7-8; Ex. 11.)  Similarly, Valeo prior art was used to reject other claims of Bosch.  (*Id*. at ¶ 13; Ex. 12 at 3-6; Ex. 13.)  Having the case proceed in the Eastern District of Michigan is the only way to allow CAP to effectively present all of the potential defenses at trial in this case.

As this district is nearly 2000 miles away from Michigan, compulsory process to secure attendance of these non-party witnesses is unavailable and each party would therefore be forced to rely solely on deposition testimony.  However, depositions are a poor substitute to live testimony, especially to issues such as validity and damages which are vital aspects of a patent case. *Gulf Oil Corp. v. Gilbert*, 330 US 501, 511 (1947) ("Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants.") (*superseded by statute on other grounds, as explained in American Dredging Co. v. Miller*, 510 U.S. 443, 449, n. 2 (1994)); *Commercial Solvents Corp. v. Liberty Mut. Ins. Co*., 371 F. Supp. 247, 250 (S.D.N.Y. 1974) ("Requiring a party to try his case with depositions because the place of trial is such as to prevent the party from compelling attendance of material witnesses is unacceptable when the case could be transferred to a district where attendance could be compelled and which would be convenient in other respects for both parties."); *Costco Wholesale Corp. v. Liberty Mut. Ins. Co*., 472 F. Supp. 2d 1183, 1194, n. 13 (S.D. Cal. 2007) ("Offering unavailable witnesses' testimony via videotaped deposition testimony is disfavored because '[a] party should not be forced to rely on 'trial by deposition' rather than live witnesses.'") (*citing*, *B.J. McAdams, Inc. v. Boggs,* 426 F.Supp. 1091, 1105 (E.D.Pa.1977).)

Accordingly, this factor also favors transfer to the Eastern District of Michigan.

I. **The Ease Of Access To The Relevant Evidence Favors Transfer**

The center of the U.S. automobile industry is focused within the Eastern District of Michigan. Simply, the Eastern District of Michigan provides the best and easiest "access to the evidence" that is an important factor in the Court's analysis. *Lucarelli* 2008 WL 182246, *4; *Jones*, 211 F.3d at 498-99. Because the Eastern District of Michigan is home to both parties in the United States – and key competitors in the wiper blade industry – it provides the best venue for access to proof and should be given considerable weight in the analysis.[2] *See* Section H, *infra,* regarding Trico and Valeo.

J. **The Interests Of Justice Favor Transfer**

The standard consideration for a transfer motion is whether there is a policy or interest of the chosen forum in this litigation. *Lucarelli*, 2008 WL 182246, *4; *Jones*, 211 F.3d at 498-99; *TS Tech*, 551 F.3d at 1321. Simply put, there is a relation between this lawsuit and Michigan and in the words of the Supreme Court: "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947). Conversely, there is an interest in "having localized controversies decided at home." *Id*. at 509. Since this dispute is between two companies based in Michigan, it should be heard in Michigan.

While some accused products may be found in Nevada (and every other State), this is an insufficient ground to deny the present transfer motion. In *TS Tech*, the Federal Circuit explained where alleged infringing product is sold throughout the United States "the citizens [of the chosen venue] have no more or less meaningful connection to this case than any other venue." *TS Tech*, 551 F.3d at 1321. Notably, the Complaint contains **no allegations** of fact as to any alleged infringement by CAP America in this District. (Dkt. #1.)

---

[2] *See also, In re Nintendo,* 589 F.3d at 1199 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."); *In re Genetech,* 566 F.3d at 1343-45.

**K.     The Pendency Of Related Litigation**

When determining whether a motion to transfer is in the interest of justice, "the possibility of coordination or consolidation" with other lawsuits may also be considered. *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 21 (D. Mass. 1991); *15 C. Wright & A. Miller, Federal Practice and Procedure 3rd,* § 3854 (2010). However, the existence of related cases in the Plaintiff's chosen forum is not conclusive and other factors may outweigh this factor. *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 739 (1st Cir. 1977) ("[W]e have found no case where [related litigation] has carried the day against factors pointing in the other direction.")

On November 10, 2010, BOSCH filed a motion for transfer or reassignment of the present case as a result of 9 other complaints it has filed against separate defendants in this district. (Dkt. #7.)  However, as this Court noted in its January 25, 2010 Order, BOSCH has already filed a motion for entry of default in **five** of the other cases. (Dkt. #35, p. 4.) The schedule for other cases has also been extended for BOSCH to discuss settlement with each respective party. (Case # 2-10-cv-01932, Dkt. #24 & 25; Case # 2-10-cv-01933, Dkt. #23 & 24.)

Aside from these default motions and extensions, it appears that only one of the other lawsuits is proceeding. In that case, defendant ADM21 is accused of infringing three (3) patents – not seven (7) as presented by Bosch against CAP. And, defendant ADM21 filed its own Motion to Dismiss and/or Transfer to the District of New Jersey on December 15, 2010. (Decl. ¶ 9; Ex. 8.)

Given the current status of the other lawsuits, transfer of the present case between BOSCH and CAP is certainly justified to a forum more convenient for both parties. As explained above, both parties' substantial contacts with Michigan and the §1404(a) convenience factors strongly weigh in favor of transferring the present suit to the Eastern District of Michigan.

## IV. CONCLUSION

For the reasons set forth above, this lawsuit between BOSCH and CAP America – both based in the Eastern District of Michigan – should be transferred to the Eastern District of Michigan pursuant to 28 U.S.C. §1404(a).

Dated: March 29, 2011

Respectfully submitted,

By: /s/ Marc Lorelli
Mark Cantor (admitted *pro hac vice*)
mcantor@brookskushman.com
Marc Lorelli (admitted *pro hac vice*)
mlorelli@brookskushman.com
**Brooks Kushman P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel. (248) 358-4400 – Fax (248) 358-3351

Gary R. Goodheart
Nevada Bar # 1203
grg@jonesvargas.com
**Jones Vargas**
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV 89169
Tel: (702) 862-3300 – Fax: (702) 737-7705

*Attorneys for Defendant Corea Autoparts Producing Corporation d/b/a CAP America*

# CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on March 29, 2011, I electronically filed the foregoing document with the Clerk of the Court for the District of Nevada using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:  Jennifer L. Braster, Mark A. Cantor, Vincent C. Ferenbach, Jeffrey S. Ginsberg, Gary R. Goodheart, Mark Hannemann, Michael J. Lennon, Marc Lorelli, Robert S. Roe.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:  None.

By: /s/ Marc Lorelli
Mark Cantor
mcantor@brookskushman.com
Marc Lorelli
mlorelli@brookskushman.com
**Brooks Kushman P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel. (248) 358-4400; Fax (248) 358-3351

Gary R. Goodheart
Nevada Bar # 1203
grg@jonesvargas.com
**Jones Vargas**
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV  89169
Tel: (702) 862-3300 – Fax: (702) 737-7705

*Attorneys for Defendant Corea Autoparts Producing Corporation d/b/a CAP America*